# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| JAHMAL AKEEM MARTIN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:19-00230 |
| BARBARA RIKARD, Warden, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Motion Under 28 U.S.C. § 2241 in Light of United States v. Wheeler."[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Motion and the Respondent's Response, the undersigned finds, and hereby respectfully recommends, that Petitioner's Section 2241 Motion should be dismissed.

## FACT AND PROCEDURE

**A.  Criminal Action No. 1:10-cr-20896:**

On June 6, 2011, Petitioner pled guilty in the Southern District of Florida to one count of Hobbs Act Robbery in violation of 18 U.S.C § 1951(a) (Count 10), and one count of Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 11). United States v. Martin, Case No. 1:10-cr-20896 (S.D.Fla. Sept. 22, 2011),

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Document No. 134. On September 22, 2011, the District Court sentenced Petitioner to a total term of 126 months imprisonment to be followed by a five-year term of supervised release. Id., Document No. 206. The District Court further imposed a $200 special assessment. Id.

On October 3, 2011, Petitioner filed his Notice of Appeal. Id., Document No. 209. On appeal, Petitioner argued that the District Court erred by applying a two-level sentencing enhancement (U.S.S.G. § 3B1.1(c)) based on his leadership role in the robbery. Id., Document No. 339. By Per Curiam Opinion entered on April 6, 2012, the Eleventh Circuit affirmed Petitioner's sentence. Id.; also see United States v. Martin, 464 Fed.Appx. 859 (11th Cir. 2012).

**B.    Instant Section 2241 Motion:**

On March 29, 2019, Petitioner filed his instant Section 2241 Motion. (Civil Action No. 1:19-00230, Document No. 1.) Citing Dimaya v. United States, 138 S.Ct. 1204 (2018) and Johnson v. United States, 135 S.Ct. 2551 (2015), Petitioner argues that his Section 924(c) conviction and sentence should be vacated because Hobbs Act Robbery no longer constitutes a "crime of violence." (Id.) Petitioner explains that he was convicted of aiding and abetting the use of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). (Id.) Petitioner states that the underlying "crime of violence" for the Section 924(c) charge was a violation of 18 U.S.C. § 1951(b)(1) (Hobbs Act Robbery). (Id.) Petitioner argues that post-Johnson and Dimaya, Hobbs Act Robbery fails to qualify as a "crime of violence." (Id.) Petitioner claims that Hobbs Act Robbery is not a "crime of violence" under the Section 924(c)(3)(B)'s "residual clause" because that similarly worded provision suffers from the same constitutional defects that prompted the Supreme Court to hold the ACCA residual clause to be void for vagueness. (Id.) Therefore, Petitioner requests that this Court dismiss his Section 924(c) conviction and sentence. (Id.)

By Order entered on July 2, 2019, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On August 16, 2019, Respondent filed his Response to Order to Show Cause. (Document No. 8.) Respondent argues that this Court should dismiss Petitioner's Section 2241 Motion based on the following: (1) "Martin has filed an improper 28 U.S.C. § 2255 petition in the wrong judicial district;" and (2) "The Fourth Circuit's decision in *Wheeler* is not applicable." (Id.) Therefore, Respondent requests that this matter be dismissed, or in the alternative, transferred to the Southern District of Florida. (Id.)

By Order and Notice entered on August 19, 2019, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Id., Document 9.) Petitioner failed to file a Reply.

**C.     Section 2255 Motion:**

On July 16, 2019, Petitioner filed in the Southern District of Florida a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Martin v. United States, Case No. 1:19-cv-22931, Document Nos. 1 and 3. In his Motion, Petitioner asserted that Section 924(c) was unconstitutionally vague under United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319 (2019). Id. Petitioner explained that he was convicted of violating Section 924(c), which requires proof that he acted in furtherance of a "crime of violence" as defined by Section 924(c)(3)(B). Id. Petitioner argued that Section 924(c)'s materially indistinguishable residual clause must fail under Johnson for the same reasons the ACCA's residual clause failed. Id. The United States filed their Response in Opposition on September 8, 2019. Id., Document No. 8. By Memorandum Opinion and Order entered on September 14, 2020, the District Court denied

Petitioner's Section 2255 Motion on the merits. Id., Document No. 12. Specifically, the District Court determined that "Movant's claim under United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, 2336 (2019) fails because Movant cannot meet his burden under Beeman v. United States, 871 F.3d 1215, 1221, 1225 (11th Cir. 2017) of showing that he was convicted under 18 U.S.C. § 924(c)'s residual clause because the predicate 'crime of violence' – Hobbs Act Robbery – categorically qualifies as a crime of violence under 924(c)'s 'use-of-force' clause." Id.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly

4

unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence as imposed by the Southern District of Florida. Specifically, Petitioner alleges that his Section 924(c) conviction and sentence are invalid based upon Johnson and Dimaya. Petitioner is clearly challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or*

*correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of Florida. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because after filing the instant Section 2241 Motion, Petitioner filed a Section 2255 Motion asserting the exact same issue with the sentencing Court.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008).

"inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)

for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Motion, this Court applies Fourth Circuit procedural law and Eleventh Circuit[4] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[4] Petitioner was convicted in the Eleventh Circuit, therefore, the substantive law of the Eleventh Circuit controls.

cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. To the extent Petitioner relies upon Johnson, Sessions v. Dimaya, and United States v. Davis,[5] Petitioner cannot satisfy the criteria of either Jones or Wheeler. In light of Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the above decisions are new rules of constitutional law that may be applied retroactively on collateral review. Thus, Petitioner can meet, and has met, the gatekeeping provisions of Section 2255 allowing him to raise his claim in a Section 2255 Motion filed in the sentencing court. Petitioner, therefore, cannot meet the third prong of the Jones or Wheeler standards. Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Motion should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Motion (Document No. 1) and **REMOVE** this matter from the Court's docket.

---

[5] In *Johnson*, the United States Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016). In *Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended *Johnson* and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. The definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). The undersigned notes that since the filing of the instant Petition, the Supreme Court also issued its decision in *Davis*. In *Davis*, the Supreme Court determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319, ___ L.Ed.2d ___ (2019).

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: February 22, 2021.



Omar J. Aboulhosn
United States Magistrate Judge